Filed 4/20/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| A. M.,<br><br>　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>　　　Respondent;<br><br>E. M. et al.,<br><br>　　　Real Parties in Interest. | D078117<br><br>(Super. Ct. No. 19FL000521C) |

　　　ORIGINAL PROCEEDING in mandate.  Loren G. Freestone, Judge. Petition granted.

　　　Bickford, Blados & Botros and Andrew J. Botros, for Petitioner.

　　　No appearance for Respondent.

　　　Feuerstein, Murphy & Beals and Jenna E. Hackett, for Real Parties in Interest.

By petition for writ of mandate A.M. (Mother) challenges the family court's ruling subjecting her and her child (Minor) to its continued jurisdiction to adjudicate the paternal grandparents' petition for visitation. We agree with mother that writ relief is warranted in this case, and issue a peremptory writ of mandate directing the court to vacate its October 22, 2020 order and enter a new order dismissing the petition for lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (1997) (UCCJEA; Fam. Code, §§ 3400, et seq.[1])

FACTUAL AND PROCEDURAL BACKGROUND

Mother's husband and father of her child died tragically in October 2018 while performing his job trimming trees. On January 15, 2019, father's parents, R.M. and E.M. (Grandparents), filed a petition requesting visitation with Minor under section 3103. Concurrently with the petition, Grandparents filed a jurisdictional declaration in accordance with the UCCJEA stating Minor had lived in San Diego since birth in November 2015.

Before any action on the petition, on January 31, 2019, Mother filed an ex parte application for an order allowing her and her child to move from San Diego to Washington state to be near Mother's parents and other close family members. The family court denied the application on the ground it was "not an emergency."

A family court services mediation took place on February 13, 2019 and Mother, who was by then living in Washington with her child, participated by phone.[2] In the mediation, Grandparents sought visitation with Minor of four

---

[1]     Subsequent undesignated statutory references are to the Family Code.

[2]     Mother has returned to San Diego twice since moving to Washington, both times for the purposes of this litigation.

2

weekends during the year, two weeks during summer and winter breaks, and weekly video calls with Minor. Mother opposed all visitation. She expressed concern about Grandparents' drinking habits and a paternal great uncle who lived with them who was a habitual drug user. Mother also explained she had never had a positive relationship with Grandparents, and that their son had been abusive to her before his death.

A trial on the petition was scheduled for April 22, 2019, but did not go forward. Instead, the court issued a minute order stating it was not "inclined to make any interim orders regarding visitation pending the future hearing date" on June 26, 2019. Before the continued hearing, Mother filed her opposition to the petition. Thereafter, she submitted an ex parte application seeking another continuance on the grounds the parties were engaging in settlement discussions. The court granted the application and set the trial for November 6, 2019 with a status conference on August 28, 2019.

On July 11, 2019, the court entered a stipulated order, providing the parties would "participate in reunification counseling/therapy sessions with a mental health professional" in Washington. On November 6, 2019, the court entered another stipulated order agreeing to a specific therapist and other terms of the therapy. The order also took the November 6, 2019 trial "off calendar without prejudice."

No further proceedings occurred until June 24, 2020, when Grandparents filed an ex parte request that the court set the matter for a two-day trial to determine visitation. Mother opposed the request, and on June 25, 2020 filed her own application for an order terminating the court's jurisdiction under the UCCJEA. Mother's accompanying declaration stated she had participated in reunification therapy but that it had failed because of Grandparents' unwillingness to join. Mother also asserted that San Diego

was not the proper venue for the case and that she could not afford to travel here for the proceedings.

Mother's memorandum of points and authorities in support of her request argued the court did not have continuing jurisdiction under the UCCJEA because she and her child no longer resided in California, and alternatively, if the court did find jurisdiction it should decline to exercise it on the grounds of inconvenient forum after an evidentiary hearing on the issue. The court denied Mother's application without prejudice and set an evidentiary hearing for September 1, 2020.

On June 26, 2020, Mother filed a request for order, repeating her assertion that the court did not have continuing jurisdiction over the matter under the UCCJEA and that San Diego was not the proper venue for the case. Grandparents opposed the request. A hearing on Mother's request for order took place on September 23, 2020. After argument, the court denied the request. The court stated that it continued to have jurisdiction because "there [are] still significant connections to the state, at least the child potentially has that as well" and Grandparents "still reside here and they are the ones seeking and bringing the petition."

The court also noted Mother had conceded jurisdiction at the time the petition was initially filed, that Mother had not raised the jurisdictional issue at the time the case was originally set for trial, and that she had previously entered stipulated proposed orders without challenging the court's jurisdiction. The court concluded by stating it had "never relinquished any jurisdiction … so therefore finds it does have jurisdiction under the UCCJEA

4

to continue to hear this matter." The court set a trial setting conference for December 15, 2020.[3]

On October 21, 2020, Mother filed an ex parte request for the court to issue Findings and Order After Hearing (FOAH), which the court entered the next day. The order "denies [Mother's] request pursuant to Family Code section 3422" and "finds [Minor], and [Mother] moved to the State of Washington on February 13, 2019, but the court continues to have jurisdiction over this matter as there was no dispute as to initial jurisdiction." The order further states "there are significant connections to the State of California as the [Grandparents] continue to reside in California and they are the party bringing the petition" and that the court "finds that it never relinquished jurisdiction and the parties never raised the issue at the time the matter was originally set for trial, and therefore finds it does have jurisdiction under the UCCJEA to hear this matter."

On October 23, 2020, Mother filed the instant petition for writ of mandate and request for a stay challenging the FOAH. This court stayed the proceedings in the family court and issued an order to show cause why the relief requested should not be granted. Grandparents filed a return and Mother replied.

DISCUSSION

Mother agrees the family court had jurisdiction under the UCCJEA at the time Grandparents filed their petition for visitation. She argues, however, that after the court's initial custody decision on April 22, 2019 declining to rule on Grandparents' request for visitation, the court was required to make new jurisdictional findings before entering each stipulated

---

3    Mother's petition states trial is not likely to commence until August 2021.

order. Mother asserts that the court's failure to do so renders those orders void. Alternatively, she contends the court erred by denying her subsequent motion to terminate its jurisdiction under section 3422, subdivision (a)(2).[4] Grandparents respond that because jurisdiction under the UCCJEA is not fundamental, Mother forfeited her jurisdictional challenge by not challenging the court's initial jurisdiction and agreeing to the stipulated orders.[5]

I

"The UCCJEA is a model law that 'arose out of a conference of states in an attempt to deal with the problems of competing jurisdictions entering conflicting interstate child custody orders, forum shopping, and the drawn out and complex child custody legal proceedings often encountered by parties where multiple states are involved.' [Citation.] To date, every state except Massachusetts has enacted the UCCJEA, and the District of Columbia and the United States Virgin Islands have enacted it as well. [Citation.]

---

[4]    Mother's petition challenges only "the Court's erroneous exercise of subject matter jurisdiction" and not "the Court's ruling that San Diego is the more appropriate forum."

[5]    In her petition, Mother asserts that while an appeal would lie from the judgment in the case, writ relief to address the court's fundamental subject matter jurisdiction is especially appropriate where, like here, the case involves a child custody dispute. She argues adjudicating the issue will avoid unnecessary litigation in the wrong forum. Real parties make no argument that writ relief should not be granted. We agree with Mother that writ relief is appropriate to resolve this dispute. (See *Harden v. Superior Court* (1955) 44 Cal.2d 630, 635 ["It is the general rule 'that the remedy in the ordinary course of law by an appeal from the judgment at the end of the trial is not adequate when the court has no jurisdiction to proceed with the action and no appeal is available before final judgment.' "]; *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1057 ["There is a particular need to accelerate the writ process in child custody disputes where children grow up quickly and have immediate needs."].)

6

California adopted the UCCJEA effective January 1, 2000, and it is codified in section 3400 et seq." (*In re J.W.* (2020) 53 Cal.App.5th 347, 354–355 (*J.W.*).)

"The UCCJEA determines the proper jurisdictional situs as between interested states for litigation of child custody determinations—which includes virtually any custody or visitation dispute (§ 3402, subd. (c)). As applicable here, the UCCJEA applies in a 'child custody proceeding'—which, is defined in part as 'a proceeding in which legal custody, physical custody, *or visitation* with respect to a child is an issue' (§ 3402, subd. (d))—commenced on or after January 1, 2000. (§ 3465.) ' "It is well settled in California that the UCCJEA is the exclusive method of determining subject matter jurisdiction in custody disputes involving other jurisdictions." ' [Citations.] Accordingly, UCCJEA jurisdictional requirements must be satisfied whenever a California court is called upon to make either an initial *or a modified custody determination*." (*In re Marriage of Kent* (2019) 35 Cal.App.5th 487, 493 (*Kent*), emphasis added.)

The provisions of the UCCJEA primarily at issue here are sections 3421 and 3422. Section 3421 states, in relevant part: "Except as otherwise provided in Section 3424 , a court of this state has jurisdiction to make an initial child custody determination only if … [t]his state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." (§ 3421, subd. (a)(1).)

Under section 3421, "[s]ubject matter jurisdiction either exists or does not exist at the time an action is commenced. [Citation.] There is no provision in the UCCJEA for jurisdiction by reason of the presence of the

7

parties or by stipulation, consent, waiver, or estoppel. [Citation.] [¶] Under the UCCJEA, the state with absolute priority to render an initial child custody determination is the child's home state on the date of commencement of the first custody proceeding or, alternatively, the state which had been his home state within six months before commencement if the child is absent from the home state but a parent continues to live there. (§ 3421, subd. (a)(1).) ' "Home state" ' means 'the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. ...' (§ 3402, subd. (g).)" (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 491 (*Nurie*).)

Once initial jurisdiction is established under section 3421, section 3422 provides the basis for terminating jurisdiction. Under that provision, "[a] court that properly acquires initial jurisdiction has exclusive, continuing jurisdiction unless one of two subsequent events occurs: (1) a court of the issuing state itself determines that 'neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships,' or (2) there is a judicial determination by either the issuing state or any other state that 'the child, the child's parents, and any person acting as a parent do not presently reside in' the issuing state. (§ 3422, subd. (a)(1) & (a)(2).)" (*Nurie, supra,* 176 Cal.App.4th at p. 491.)

The UCCJEA's definitional provision, codified in California at section 3402, defines " 'persons acting as parents' " as "a person, other than a parent, who: (1) has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence,

8

within one year immediately before the commencement of a child custody proceeding; and (2) has been awarded legal custody by a court or claims a right to legal custody under the law of this state." (§ 3402, subd. (m).)

" 'The UCCJEA takes a strict "first in time" approach to jurisdiction. Basically, subject to exceptions not applicable here [citations], once the court of an appropriate state (Fam. Code, § 3421, subd. (a)) has made a "child custody determination," that court obtains "exclusive, continuing jurisdiction...." (Fam. Code, § 3422, subd. (a).) The court of another state: [¶] (a) Cannot modify the child custody determination (Fam. Code, §§ 3421, subd. (b), 3422, subd. (a), 3423, 3446, subd. (b)); [and] [¶] (b) Must enforce the child custody determination (Fam. Code, §§ 3443, 3445, 3446, 3448, 3453)....' " (*Nurie, supra*, 176 Cal.App.4th at p. 491.)

"[A]s with any statute, interpretation of the UCCJEA is a question of law we review de novo." (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1287.) However, the findings of fact made by the family court in determining jurisdiction under the UCCJEA are "reviewed under the deferential substantial evidence standard" and its "resolution of conflicts in the evidence and credibility assessments are binding on this court." (*Id.* at pp. 1286, 1287.)

## II

There is no dispute that the family court had jurisdiction under section 3421 to make an initial custody determination when Grandparents filed their petition seeking visitation with Minor. The matter is also straightforward as it relates to the entry of the stipulated orders. As Mother states in her petition, and as described above, "jurisdiction is not lost the moment the child and Mother leave California because there still needs to be judicial determination that jurisdiction has been lost." "It is not the parties'

9

departure itself that terminates the decree state's exclusive, continuing jurisdiction. Rather, it is when a 'court ... determines' that all parties have ceased residing there that jurisdiction is lost. (§ 3422, subd. (a)(2).)" (*Nurie, supra*, 176 Cal.App.4th at pp. 500–501.)

As Mother points out, section 3048, subdivision (a)(1) requires each order in a visitation proceeding to contain "[t]he basis for the court's exercise of jurisdiction." In this case, the court failed to include this information in the stipulated orders. Even assuming those orders qualify as visitation orders (see § 3402, subd. (c)), however, we conclude the court's error does not require reversal since it continued at that time to properly exercise jurisdiction in accordance with section 3421. Specifically, as we shall discuss, no court had yet determined that the requirements of section 3422 were satisfied. Accordingly, we decline to hold the stipulated orders void.[6]

### III

We do agree with Mother, however, that the family court erred in finding it had continuing jurisdiction to adjudicate Grandparents' petition for visitation once Mother objected and sought a judicial determination. As set forth above, the family court had jurisdiction under section 3421 until the requirements of section 3422 were satisfied. Under subdivision (a)(2) of section 3422, the family court's jurisdiction would terminate once a "court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." Mother objected to the court's continuing jurisdiction in June 2020,

---

[6] The Georgia case Mother relies on, *Plummer v. Plummer* (Ga. 2019) 305 Ga. 23, is in accord. (See *Plummer,* at p. 27 [holding Georgia court retained jurisdiction in child custody matter despite parents and child's residence in Florida and Virginia because there had been no "judicial finding that neither the child nor the child's parents reside in the state"].)

arguing its jurisdiction was no longer viable under section 3422, subdivision (a)(2). The court rejected Mother's argument, finding Mother had forfeited the issue by failing to object to the court's jurisdiction earlier in the proceeding and that there were still "significant connections to the state" because Grandparents live here.

As Mother points out, it is an unsettled question of law whether the jurisdiction created by the UCCJEA is fundamental and therefore unable to be forfeited. (*See J.W., supra*, 53 Cal.App.5th at p. 364 [" 'of the states that have considered the jurisdictional issue, some refer to the UCCJEA as a subject-matter-jurisdiction statute, while others do not. The issue is not settled.' "].) In *Kent*, this court addressed whether a California court's modification of a North Carolina custody and visitation order after the North Carolina court exercised initial jurisdiction under that state's equivalent of section 3421 was void because section 3423 had not been satisfied.[7] *Kent* concluded that the trial court did not have jurisdiction, despite the parties' agreement to have the matter decided here, and reversed the order. (*Kent, supra*, 35 Cal.App.5th at p. 495.)

---

[7] Section 3423 governs the modification of custody determinations made by the court of another state. It provides that "Except as otherwise provided in Section 3424 [dealing with emergency situations], a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph (1) or (2) of subdivision (a) of Section 3421 and either of the following determinations is made: [¶] (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 3422 or that a court of this state would be a more convenient forum under Section 3427. [¶] (b) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."

Central to *Kent*'s holding was the principle that the jurisdictional requirements of the UCCJEA could not be forfeited by the parties. There, the trial court had issued its order modifying a term of the North Carolina visitation order based on the parties' oral agreement during the modification hearing that the court had jurisdiction. (*Kent, supra*, 35 Cal.App.5th at p. 492.) *Kent* rejected the father's argument that the court's exercise of jurisdiction was a procedural error subject to a harmless error analysis. In so doing, we stated "[b]ecause the family court's consideration of Mother's [request] (to modify the North Carolina Order) was an act in excess of the California court's jurisdiction—i.e., not merely a procedural error, but a violation of a clear restriction or limitation on the court's power to act [citation]—the [order] may be reversed without a showing by Mother that she was prejudiced by this error." (*Id*. at p. 496.)

Grandparents rely on *J.W.* to support their position that Mother forfeited her opportunity to object to California jurisdiction. *J.W.* held that a father's jurisdictional challenge based on the UCCJEA was forfeited. However, *J.W.* dealt with the very different considerations of a dependency case. In *J.W.*, the father, a Louisiana resident, raised his jurisdictional challenge for the first time on appeal from the termination of his parental rights and without any evidence of a competing custody order from Louisiana. (*J.W., supra*, 53 Cal.App.5th at pp. 355, 362.) *J.W.* held that the UCCJEA did not create *fundamental* subject matter jurisdiction, and thus could be forfeited by a party's failure to assert it in the juvenile court. (*Id*. at p. 365.) Critically, the Court of Appeal's decision was predicated on the important public policy of finality in dependency proceedings. (See *id*. at p. 361 ["Our Supreme Court has stressed the importance of finality in the dependency context as well, noting that in such matters the state's 'interest in

12

expeditiousness is strong indeed,' but that '[i]ts interest in finality is stronger still.' … [¶] A finding that a termination order entered without UCCJEA jurisdiction was ' " 'null and void' *ab initio*" ' (citation) would core these public policy considerations."], *id*. at pp. 363–364.)

J.W. is a far different case than this one.  Unlike the father in *J.W.*, Mother objected in the *trial court* after her attempts to settle Grandparents' visitation request failed.  She raised the jurisdictional issue as soon as Grandparents sought to reinstitute a trial date.  Further, this case deals with a visitation request by estranged grandparents, not a parent whose rights have been terminated and who seeks to disrupt a child's permanent placement with adoptive parents.  The potential disruption of the fundamental jurisdiction of the dependency court, whose statutory role is protection of a minor whose well-being is in jeopardy, is far different from the termination of the family court's jurisdiction in this case.  Further, unlike *J.W.*, this is not a case where Mother "silently accede[d] to jurisdiction, or neglect[ed] to raise it, for years …." (*J.W., supra*, 53 Cal.App.5th at p. 367.) The public policy considerations at issue in *J.W.* that formed the basis for its decision to prioritize the dependency scheme over the UCCJEA are not

present here.[8]  (See *In re Alexander P.* (2016) 4 Cal.App.5th 475, 488 ["The juvenile court is … granted ' "sole and exclusive jurisdiction" ' over issues of custody, visitation, and guardianship upon filing of a dependency petition."]

Given the facts before this court, we follow *Kent* to conclude that Mother did not forfeit her right to seek adjudication of her jurisdictional challenge under section 3422.  Further, on this record, it is clear the court erred by denying Mother's request for order and concluding it had continuing jurisdiction under section 3422.  As discussed, under that statute, once the court has taken initial jurisdiction under section 3421, it has continuing jurisdiction until one of two things occur:  "A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" or "[a] court of this state or a court of another state determines *that the child, the child's parents, and any person acting as a parent do not presently reside in this state.*"  (§ 3422, subd. (a), italics added.)

---

8     Mother filed a request that this court take judicial notice of parts of the legislative history of the UCCJEA, which she contends show the legislature's intent to conform the UCCJEA's jurisdictional provisions to the federal Parental Kidnapping Prevention Act (28 U.S.C. § 1738A) and contradict *J.W.*'s statement that there is "no indication in the legislative history that our Legislature intended 'jurisdiction' in section 3421 to mean fundamental jurisdiction when it enacted the UCCJEA." (*J.W., supra*, 53 Cal.App.5th at p. 365.)  We deny the request to take judicial notice of these publicly available documents.  (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 46, fn. 9, as modified (Sept. 23, 1998) ["A request for judicial notice of published material is unnecessary.  Citation to the material is sufficient."].)

14

The family court disregarded this second clause of section 3422 and looked only to the first, finding that "there are significant connections to the State of California as the [Grandparents] continue to reside in California and they are the party bringing the petition." As the court's FOAH stated, Mother and Minor "moved to the state of Washington on February 13, 2019" and it was undisputed that Mother and Minor "do not presently reside in this state." (§ 3422, subd. (a)(2).) In light of this fact, Grandparents' residence here alone is insufficient to support the court's continued jurisdiction. (See National Conference of Commissioners on Uniform State Laws, UCCJEA, Official Comments to § 202, p. 28 ["[A] remaining grandparent or other third party who claims a right to visitation, should not suffice to confer exclusive, continuing jurisdiction on the State that made the original custody determination after the departure of the child, the parents and any person acting as a parent."].)[9] In sum, the court's jurisdictional order was not supported by the evidence before it and the court's failure to consider the undisputed fact that Mother and Minor no longer reside in California warrants reversal.

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its October 22, 2020 order and enter a new order dismissing the petition for lack of subject matter jurisdiction under the UCCJEA. The stay

---

[9] "The official commentary from the drafters of the UCCJEA is entitled to substantial weight." (*Schneer v. Llaurado, supra,* 242 Cal.App.4th at p. 1288, fn. 6.)

issued on November 20, 2020 is vacated upon finality of the opinion as to this court.  (Cal. Rules of Court, rule 8.490(b)(2).)


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


GUERRERO, J.